**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

LAWRENCE L. CRAWFORD, also known
as Jonah Gabriel Jahjah T. Tishbite; EDGAR,
CASTRO, SR.; CARNELL DAVIS; and
JONATHAN WILLIAMS,
                                        Petitioners,
         v.                                                         No. 08-CV-1287
                                                                         (LEK/DRH)
STATE OF NEW YORK; STATE OF NEW
JERSEY; STATE OF N. CAROLINA; STATE
OF OHIO; STATE OF SOUTH CAROLINA;
and STATE OF GEORGIA,
                                        Respondents.

---

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Presently pending is the petition for writs of habeas corpus filed December 1, 2008 by petitioners pro se Lawrence L. Crawford, Edgar Castro, Sr., Carnell Davis, and Jonathan Williams pursuant to 28 U.S.C. § 2241 and 2254.  Pet. (Docket No. 1).  It appears from the petition that petitioners are four inmates in the custody of the State of South Carolina.  Petitioners purport to bring this action on behalf of a class of "thousands" of inmates incarcerated in the State of New York and five other states on the ground that their incarcerations have resulted from unconstitutional deprivations based on race, religion, and related claims.  Id.  The petition is before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[2]

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

[2] Rule 4 provides in pertinent part:

Petitioners seek relief under both sections 2241 and 2254.  Under § 2241(c)(3), an individual may obtain habeas corpus relief if he or she is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(C)(3).  Under § 2254, an individual may obtain habeas corpus relief if he or she is "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Thus, as is relevant here, section 2241 applies to all individuals held in state custody while § 2254 applies only to those whose custody results from a final judgment.  See Thomas v. Crosby, 371 F.3d 782, 809 (11th Cir. 2004).  Principally, section 2254 would not apply to individuals held in pretrial custody because their custody would not result from a "judgment" as required by that statute while the broader § 2241 would apply to those in custody pretrial.  See id., Stow v. Murashige, 389 F.3d 880, 386 (9th Cir. 2004) (holding that § 2241 and not § 2254 was the proper remedy for an individual seeking dismissal of an indictment on the ground of double jeopardy).

As relevant here, however, the analysis of petitioners' claims remains the same under either statute.  Under both statutes, the proper venue lies in the district in which the petitioner is in custody and the proper respondent is the petitioner's custodian.  See Newton v. U.S. Doctors FMC, No. 08-CV-3624 (ENV), 2008 WL 4376568, at *2 (E.D.N.Y. Sept. 25, 2008) (§ 2241); Jones v. Keane, 250 F. Supp. 2d 217, 226 (W.D.N.Y. 2002) (§ 2254); see

---

> The clerk must promptly forward the petition to a judge . . . and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. . . .

Fed. R. Governing § 2254 Cases.

also <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 442 (2004) (holding that the court issuing a writ under § 2241 must have jurisdiction over the petitioner).  It appears from the petition that all four petitioners are presently incarcerated in the State of South Carolina based on convictions and sentences occurring in that state.  Pet.  Therefore, none of the four named petitioners are within the jurisdiction of this Court.

Because this Court lacks jurisdiction as to the four named petitioners, jurisdiction in this district will lie only if petitioners' assertion of a class action on behalf of, <u>inter alia</u>, individuals incarcerated in the this district affords a basis for relief.  In certain circumstances, a class action seeking habeas corpus relief may be appropriate.  <u>See</u> <u>Sero v. Preiser</u>, 506 F.2d 1115, 1126 (2d Cir. 1974).  Here, however, there is no reasonable likelihood that a class action will be certified.  The putative class is spread out over multiple states with different laws and individual circumstances.  The named petitioners have no apparent connection to New York or to individuals incarcerated in this state of district.  The claims themselves assert as bases race, religion, education, and economic status.  All such bases are too general to permit definition of a legally sufficient class.  Thus, among other fatal problems with the petition, the petition fails to assert any basis for habeas jurisdiction under either §§ 2241 or 2254.

Finally, liberally construing the contents of the pro se petition, the claim may be viewed as one for damages under 42 U.S.C. § 1983.  However, claims of invidious discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment are easily made but often difficult to sustain.  Thus, conclusory allegations will not suffice to state such a claim.  <u>See</u> <u>Rivera-Powell v. New York City Bd. of Elections</u>, 470 F.3d 458, 470 (2d Cir. 2006).

3

Accordingly, it is

**RECOMMENDED** that the petition be **DISMISSED**; and

**IT IS ORDERED** that the Clerk of the Court serve a copy of this Report-Recommendation and Order, upon petitioners by regular mail.

Pursuant to 28 U.S.C. §636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

DATED: January 16, 2009
       Albany, New York

_David R. Homer_
United States Magistrate Judge